FILED

2017 Jul-20  AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **MASSOUD MORTAZAVI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:17-cv-559-AKK** |
| **SAMFORD UNIVERSITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Massoud Mortazavi brings this action against Samford University, Andrew Westmoreland, Wayne Pittman, and John Does 1–3,[1] alleging violations of his Constitutional rights. Doc. 1. The events that form this lawsuit arise out of an incident between Mortazavi and an unknown campus security officer. Doc. 1. In a nutshell, while Mortazavi was practicing the piano in the music department at Samford University, an unnamed campus security officer initiated a confrontation with Mortazavi. *Id.* at 8. During this confrontation, the security officer ordered Mortazavi to leave the room using threatening, derogatory, and offensive language. Also, the officer took Mortazavi's driver's license and made Mortazavi wait for approximately thirty minutes for the dispatch to confirm Mortazavi's information.

---

[1] Generally, there is no fictitious party practice in federal court unless a plaintiff is able to specifically describe or identify the defendant. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Therefore, in light of Mortazavi's failure to specifically describe or identify the fictitious defendants, the claims against these John Does are due to be dismissed.

*Id.* at 8–9. During this incident, Mortazavi felt detained, unable to question the officer to ascertain why the officer confronted him, and threatened by the officer's discussion of terrorism and terrorists. *Id.*

The defendants have moved to dismiss. *See* doc. 9. Based on a review of the pleadings and the law, the motion is due to be granted.

## I.   ANALYSIS

The court must construe Mortazavi's pleadings liberally because he is proceeding without an attorney. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, contrary to Mortazavi's contention, doc. 17 at 4, the court is not at liberty "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia Fla.* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott,* 610 F.3d 701 (11th Cir. 2010). As such, consistent with Federal Rule of Civil Procedure 8(a)(2), Mortazavi's complaint must contain "a short and plain statement of the claim showing that [Mortazavi] is entitled to relief." While notice pleading is not intended to require Mortazavi to specifically plead every element of a cause of action, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (internal citations omitted); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ("[T]he pleading standard Rule 8 announces

2

does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). To survive a motion to dismiss, Mortazavi's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible where it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal for failure to state a claim, then, is appropriate where the plaintiff fails to state a claim that is "plausible on its face." *Id*. This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A. *Fourth Amendment Claims*

Defendants have moved to dismiss, in part, based on their contention that Samford University, a private institution, is not subject to liability under Section 1983. Doc. 17 at 5. However, Mortazavi is correct that Samford's status as a private institution does not mean that it is incapable of "acting under color of state law" for purposes of section 1983. In fact, a private party can act under color of state law where it is performing a public function that is "traditionally the exclusive prerogative of the state." *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1277 (11th Cir. 2003). Relevant here, pursuant to section 16-22-1 of the Alabama Code, Samford University may appoint and

employ persons to act as police officers "to keep off intruders and prevent trespass upon and damage to the property of the college or university or of the institute. These persons shall be charged with all the duties and invested with all the powers of police officers." Ala. Code § 16-22-1(a). In their role as campus security officers, these individuals are "certified by the Alabama Peace Officers' Standards and Training Commission and have full authority to carry out enforcement of the laws of Alabama on a campus throughout the state." *In re Hon. Bobby Humphreys,* Ala. Op. Atty. Gen. No.2002-215. As such, when campus security officers stop an individual, they are performing a public function that is traditionally the exclusive prerogative of the state, making their actions state actions. *See Griffin v. State of Md.,* 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action."); *Myers v. Bowman*, 713 F.3d 1319, 1329–30 (11th Cir. 2013) ("A person acts under color of state law when . . . the manner of his conduct makes clear that he was asserting the authority granted him and not acting in the role of a private person."). Accordingly, when the campus officer detained Mortazavi, he was acting under color of state law. *See Griffin,* 378 U.S. at 135.

However, the fact that Mortazavi is correct that Samford's campus security officers are statutorily state actors does not save his claims. Based on the Complaint, it seems Mortazavi seeks to sue Westmoreland, Pittman, and Samford University under a theory of *respondeat superior* or vicarious liability. Those

4

claims fail, however, because there is no supervisory liability under § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 710 (1978). Instead, supervisory liability only attaches where an "official policy" causes the alleged constitutional violation. *Id.* at 694–95. Stated differently, to succeed, Mortazavi must identify a "municipal 'policy' or 'custom' that caused [his] injury." *Board of Cty Com'rs of Bryan Cty, Okl. v. Brown,* 520 U.S. 397, 404 (1997). Critically, "it is not enough for [Mortazavi] merely to identify conduct properly attributable to the [University]. [Mortazavi] must also demonstrate that, through its *deliberate* conduct, the [University was] the 'moving force' behind the injury alleged." *Id.* (emphasis original). Here, however, construing the pleadings liberally,[2] Mortazavi has made no such showing or presented any facts from which the court could infer that a policy or custom of the University caused his injury such that the University or Westmoreland or Pittman could be held liable for his injuries. Therefore, his Fourth Amendment claims fail.

### B.  Conspiracy Claims

Mortazavi also appears to allege a claim for a conspiracy to violate his rights under 42 U.S.C. § 1983 and 1985. As Mortazavi puts it, there is a "premeditated conspiracy whose nature eludes Plaintiff but was intended to terrorize and frighten Plaintiff for reasons unknown." Doc. 1 at 9. As evidence of this conspiracy,

---

[2] In a motion to dismiss, the factual allegations in the plaintiff's complaint are taken as true and "the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *South Florida Water Mgmt Dis. v. Montalvo*, 84 F.3d 402, 406 (1996).

Mortazavi claims that the unknown security officer "[h]ad to have been authorized and abetted by and was in some secret understanding and collusion with Defendant Andrew Westmoreland and Defendant Pittman . . ." Doc. 1 at 9. As an initial matter, this claim fails because all the individuals in the conspiracy are Samford University employees. "[T]he intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2003). As such, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id. See also Rehberg v. Paulk*, 611 F.3d 828, 854 (11th Cir. 2010); *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767–68 (11th Cir. 2000).

Moreover, a conspiracy claim in a civil rights action requires "more than mere conclusory notice pleading [. . .]. A complaint may justifiably be dismissed because of the conclusory, vague, and general nature of allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984) (internal citations omitted). Here, Mortazavi simply pleaded a vague existence of some kind of conspiracy,[3] stating that there exists a "premeditated conspiracy whose nature

---

[3] The court is not persuaded by Mortazavi's contention that discovery would enable him to flesh out his claims, it is well settled that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on the failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Here, with respect to the constitutional claims, Mortazavi has failed to state a cognizable claim against the defendants that would enable him to survive a motion to dismiss. As

eludes Plaintiff but was intended to terrorize and frighten Plaintiff for reasons unknown." Doc. 1 at 9. Such an allegation is insufficient to survive a motion to dismiss.

## **CONCLUSION**

Accordingly, the motion to dismiss, doc. 9, is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE**.

**DONE** the 20th day of July, 2017.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

a result, because "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal,* 556 U.S. at 678–79, he is not entitled to engage in discovery to find facts to prove his case. *See also Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) ("discovery *follows* the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.") (emphasis original, quotations omitted).